UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARIUS LEIGH GILKEY,** | 2:17-CV-12753-TGB-APP |
| Petitioner, | **ORDER** |
| | **(1) GRANTING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT,** |
| vs. | |
| **DEWAYNE BURTON,** | **(2) REINSTATING HABEAS PETITION, AND** |
| Respondent. | **(3) GRANTING MOTION TO AMEND** |

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment (ECF No. 23), and Motion to Amend Petition (ECF No. 22). Darius Leigh Gilkey, a Michigan state prisoner, filed an unsigned and unverified petition for writ of habeas corpus challenging his convictions for first-degree murder, Mich. Comp. Laws § 750.316, and first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e). ECF No. 1. The Court ordered Petitioner to file a signed and verified petition. *See* Order to Sign and Verify Petition, ECF No. 15, Second Order to Sign and Verify Petition, ECF No. 19. When Petitioner failed to correct the deficiency within the time allowed, the Court dismissed the petition without prejudice. *See* Order Dismissing Pet. ECF No. 21.

**A.      Motion to Alter or Amend Judgment**

On August 19, 2020, Petitioner filed a Motion to Alter or Amend the judgment of dismissal. *See* ECF No. 23. Although Petitioner seeks relief under Federal Rule of Civil Procedure 59(e), the Court construes such a pro se pleading liberally, and the motion will be considered as a motion for reconsideration.[1]

Local Rule 7.1(h)(3) governs motions for reconsideration and provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled . . . but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3). A palpable defect is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Petitioner has now filed a corrected petition. *See* ECF No. 20, PageID.1021. Petitioner maintains that he diligently sought to comply

---

[1] Motions to alter or amend judgment under Fed. R. Civ. P. 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

with the Court's Orders. He did not retain a copy of his petition and made several attempts to obtain one so that he could file a signed and verified copy. The COVID-19 pandemic caused multiple delays preventing him from filing a corrected petition. The Court finds that Petitioner diligently attempted to correct the filing deficiency and that the delay in doing so is attributable to conditions beyond his control. *See* ECF No. 23, PageID.1081-82. Holding him responsible for these circumstances and preventing his claim from being heard on the merits would be a "manifest injustice." Accordingly, the Court grants Petitioner's Motion and reinstates the petition.

## B.   Motion to Amend Petition

Next, Petitioner has filed a motion to amend his petition. *See* ECF No. 22. He seeks to amend the petition to supplement his ineffective assistance of counsel claim challenging counsel's decision not to call an expert witness to counter the prosecution's DNA expert.

Under Fed. R. Civ. P. 15, after an answer has been filed, a party may amend only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule provides that the court should "freely give leave when justice so requires." *Id*. When determining whether to grant leave to amend, the district court should consider "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998).

The proposed amendment does not raise a new claim; instead, the proposed amendment provides additional support for the ineffective assistance of counsel claim raised in the original petition. *See* ECF No. 20, PageID.1024; ECF No. 22, PageID.1069. The Court finds Respondent would not be prejudiced by allowing the amendment. Further, the Court finds that the delay in seeking leave to amend was not excessive nor the result of bad faith. Thus, the Court grants the motion to amend. *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1000 (6th Cir. 2006).

## CONCLUSION

Petitioner's Motion to Alter or Amend Judgment (ECF No. 23) is **GRANTED** and the petition for writ of habeas corpus is **REINSTATED**. The Clerk of Court is **ORDERED** to reopen this proceeding. Petitioner's Motion to Amend (ECF No. 22) is also **GRANTED**.

**SO ORDERED**, this 8th day of January, 2021.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge